IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CLARENCE DENNIS, | : | |
| Plaintiff | : | |
| VS. | : | |
| SANDY SPRINGS, GEORGIA, and<br>CITY OF DORAVILLE, GEORGIA, | : | NO. 5:08-cv-444 (CAR) |
| Defendants | : | **O R D E R** |

Plaintiff **CLARENCE DENNIS**, presently confined at the Irwin County Detention Center in Ocilla, Georgia, has filed a *pro se* complaint under 42 U.S.C. § 1983.  He also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee.  Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).  However, plaintiff is nevertheless obligated to pay the full amount of the $350.00 filing fee.  Prison officials are directed to collect the Court's $350.00 filing fee when plaintiff's account exceeds $10.00 and forward payments to the Clerk of this Court until the filing fee is paid in full.

*I. STANDARD OF REVIEW*

*A. 28 U.S.C. § 1915(e)(2)*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint

1

the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. BACKGROUND

Plaintiff states that he was arrested in November for a "city ordinance charge." Following his arrest, plaintiff alleges he was taken to the Doraville City Jail and placed in an unsanitary cell. During his subsequent court proceeding, plaintiff alleges he was "denied the chance to proper representation." Plaintiff complains that he was sentenced to 30 days incarceration at the Irwin County Detention Center in Ocilla, Georgia, which is apparently "400-500 miles from his home."

Plaintiff generally complains that federal inmates at the Irwin County Detention Center have threatened him and that he is being housed with inmates who have HIV, Tuberculosis, Hepatitis, and "mental issues."

Plaintiff asks this Court to drop the "probation and charges" against him and award him $1200.00 per day for each day that he is imprisoned. He names as defendants Sandy Springs, Georgia, and the City of Doraville, Georgia.

## III. DISCUSSION

### A. *Release from Prison*

Release from prison and dismissal of charges are not remedies available in an action brought pursuant to section 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 n.14 (1973) (challenges to length, as opposed to conditions, of confinement are cognizable solely by petition for writ of habeas corpus).

### B. *Conditions of Confinement*

Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement and a duty to ensure that prisoners receive adequate food, clothing, shelter, and medical care. *Hudson v. McMillan*, 503 U.S. 1, 8-9 (1992). The Supreme Court, however, has made it clear that the Constitution requires neither that prisons be comfortable nor that they provide every amenity that one might find desirable. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).

To prevail on an Eighth Amendment claim, a plaintiff must demonstrate that (1) the deprivation alleged is, from an objective standpoint, "sufficiently serious"; and (2) that prison officials acted with "deliberate indifference," that is, the officials knew of and disregarded an

excessive risk to inmate health and safety.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  "Because routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society,'" only "extreme deprivations" will make out a conditions-of-confinement claim, *Hudson*, 503 U.S. at 9, and such claims require proof of "significant injury," *Porter v. Nussle*, 534 U.S. 516, 528 (2002).

Plaintiff appears to have stayed at the Doraville City Jail for two days only but, in any event, fails to elaborate on how that jail was so "unsanitary" as to violate his rights.[1]  Instead of his claim rising to the level of a constitutional violation, plaintiff complains about standard aspects of prison life, which at most resulted in minor inconveniences to plaintiff.

Plaintiff's complaint that he is 400-500 miles from his home also does not state a constitutional violation.  Plaintiff has no constitutional right to be confined in a jail closer to his home.  *Meachum v. Fano*, 427 U.S. 215, 224 (1976).

While plaintiff's claim that he is being housed at the Irwin County Detention Center with inmates who might theoretically have infectious diseases may state a valid claim, plaintiff provides no specific details whatsoever to allow this Court to evaluate his claim.  Absent factual allegations suggesting a serious threat to his health, plaintiff has failed to state an actionable claim.  *See e.g., Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) (holding that a complainant must allege an injury

---

[1] It is unclear whether plaintiff was a pretrial detainee during his time at the Doraville City Jail or if he had already been sentenced for his probation violation.  For purposes of this Court's analysis, however, it does not matter whether plaintiff was a pretrial detainee or had already been sentenced.  The Eleventh Circuit has held, however, that "in regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons."  *Hamm v. DeKalb Co.*, 774 F.2d 1567, 1574 (11th Cir. 1985).

to himself that is "distinct and palpable," as opposed to "abstract," and the alleged harm must be actual or imminent, not "conjectural" or "hypothetical.").

Finally, plaintiff, a county inmate, has no constitutional right to be housed solely with other county inmates.  ***See, e.g. Reynolds v. Donate***, 2007 WL 320754 (M.D. Pa. Jan. 30, 2007). Plaintiff's allegation that he feels his life is in danger because federal prisoners threaten him likewise fails to state a claim.  Again, plaintiff does not allege any injury.

### *C.  Denial of Proper Representation*

Plaintiff's claim that he was "denied the chance to proper representation" during his court proceeding is not only vague, but fails to allege how either of the named defendants were involved.

### *D.  Named Defendants*

Although plaintiff names as defendants Sandy Springs, Georgia, and the City of Doraville, Georgia, presumably because of plaintiff's transfer to the Irwin County Detention Center, he alleges no action, inaction, or involvement, by these defendants whereby they could be held liable for any of the alleged deprivations at the Irwin County Detention Center.  Moreover, a "municipality can be sued under § 1983, but it cannot be held liable unless a municipal policy or custom caused the constitutional injury." ***Leatherman v. Tarrant County Narcotics Unit***, 507 U.S. 163, 166 (1993). Here, plaintiff has not alleged a policy or practice that led to the violation of his constitutional rights.

## *IV.  CONCLUSION*

Based on the foregoing, the complaint against the defendants should be **DISMISSED** as being frivolous under 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 23rd day of December, 2008.

            <u>S/ C. Ashley Royal</u>
            C. ASHLEY ROYAL
            UNITED STATES DISTRICT JUDGE

cr